### CAMP *v.* SMITH et al.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

PAYMENT—APPLICATION—STATUTE OF LIMITATIONS.

 In an action on several promissory notes, apparently barred by the statute of limitations, the court cannot assume, in the absence of evidence, that certain payments made generally by defendant to plaintiff were applied to any particular notes, so as to remove the bar, when it appear that defendant was otherwise indebted to plaintiff at the time of such payments.

Appeal from circuit court, New York county.

Action by Fletcher W. Camp, as administrator with the bill annexed of the goods, chattels, and credits of Mary Etta Camp, deceased, against James W. Smith and Wilbur F. Smith, upon four several promissory notes made by the defendants under their firm name of J. W. & W. F. Smith. Plaintiff relied upon certain payments to prevent the bar of the statute of limitations. The court directed a verdict for defendants. Plaintiff appeals. Affirmed.

For prior reports, involving questions of a similar nature, arising in the litigation in regard to the estate of Mary Etta Camp, see 1 N. Y. Supp. 372, 375; 3 N. Y. Supp. 335; and 12 N. Y. Supp. 363.

Argued before VAN BRUNT, P. J., and INGRAHAM, J.

*Mitchell & Mitchell,* (*William Mitchell,* of counsel,) for appellant. *Eugene H. Pomeroy,* for respondent J. W. Smith. *John E. Eustis,* for respondent W. F. Smith.

PER CURIAM. It does not appear from the record in this case that any evidence tending to show that the defendants had made any payments on account of the notes involved in this action was offered by the plaintiff, and excluded by the court. All of the evidence offered was admitted, except the testimony as to the amount of interest upon certain payments which the plaintiff claimed should be applied by the court to the notes in suit. We have examined the testimony, and cannot find any evidence which would justify the finding that the payments in question were payments on account of the notes in suit. The most that can be said is that they were payments made generally by the defendants to the plaintiff. But as it appears that, at the time the payments were made, there were other existing and valid obligations of the defendants to the plaintiff's testator, the court cannot assume that payments made generally were made upon any particular claim, so that that claim will be taken out of the bar of the statute of limitations. We think it clear that the notes in suit were barred by the statute, and that the direction of a verdict in favor of the defendants was right, and should be affirmed, with costs.